IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GILBERT LEVERNE, JR.,
    Plaintiff,

v.                                                            No. 04-2884 BP

SHELBY GROUP INTERNATIONAL, INC.,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

---

This action was initially brought by the Plaintiff, Gilbert LeVerne, Jr., in the Circuit Court of Shelby County, Tennessee, alleging violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"); Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.; the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, et seq.; and the Tennessee Handicap Act, Tennessee Code Annotated § 8-50-103, et seq. The matter was removed to this Court on November 2, 2004. Before the Court is the motion of the Defendant, Shelby Group International, Inc. ("Shelby Group"), for dismissal of the Plaintiff's claim under the FMLA, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) permits the dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the court to "construe the complaint in the light most favorable to the plaintiff[], accept all of the complaint's factual allegations as true, and determine whether the plaintiff[] undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). The court's narrow inquiry on a motion to dismiss under Rule 12(b)(6) "is based upon

whether 'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." Osborne v. Bank of Am., Nat'l Ass'n, 234 F.Supp.2d 804, 807 (M.D. Tenn. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

The Rule further provides that, "[i]f, on a motion asserting the defense number (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ." Fed. R. Civ. P. 12(b). As the Defendant has submitted an affidavit as well as other documentary evidence in support of its motion, the Court will analyze the motion under Rule 56, which states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586,

2

106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

"The purpose of the FMLA is to balance the demands of the workplace with the needs of employees to take leave from work because of medical conditions or compelling family needs." Grimsley v. Fiesta Salons, Inc., No. 01-10376-BC, 2003 WL 117985, at *3 (E.D. Mich. Jan. 7, 2003) (citing 29 U.S.C. § 2601(b)). In general, the FMLA entitles eligible employees to a total of 12 workweeks of unpaid leave and ensures restoration to their former positions on their return to the workplace. 29 U.S.C. §§ 2612(1)(l), 2614(a)(1). Not all workers, however, may qualify as an "eligible employee" and, therefore, obtain relief under the statute. The FMLA specifically excludes "any Federal officer or employee" or, of particular importance in this case, "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B).

In creating the so-called "small employer" exclusion, "Congress has limited the effect of the [FMLA] on small businesses, and larger employers with smaller remote locations, perhaps due to Congress' desire not to burden small businesses by requiring them to operate without employees for an extended period of time or their determination that the effect upon commerce from the small companies is de minimis." Grimsley, 2003 WL 117985, at *4 (quoting Douglas v. E.G. Baldwin & Assoc., Inc., 150 F.3d 605, 608 (6th Cir. 1998)); see also Moreau v. Air France, 356 F.3d 942, 945 (9th Cir. (2004) (exception "created for 'small operations' -- that is, a potentially large company in

3

a relatively small satellite office in a particular area"). According to the House Committee Report, the provision "recognizes the difficulties an employer may have in reassigning workers to geographically separate facilities." Harbert v. HealthCare Servs. Group, Inc., 391 F.3d 1140, 1148 (10th Cir. 2004) (citing H.R. Rep. No. 102-135(I), at 37 (1991)), cert. denied, ___ U.S. ___, 126 S.Ct. 356, 73 U.S.L.W. 3720 (U.S. Oct. 13, 2005) (No. 04-1647). "Where a plaintiff does not qualify as an 'eligible employee,' the court lacks jurisdiction to decide the FMLA" claim. Humenny v. Genex Corp., Inc., 390 F.3d 901, 904 (6th Cir. 2004), reh'g en banc denied (Mar. 29, 2005). It is the plaintiff who bears the burden of showing the existence of an FMLA claim. Morrison v. Amway Corp., 323 F.3d 920, 930 (11th Cir. 2003).

It is undisputed that Shelby Group is a Tennessee corporation with its principal place of business in Memphis, Tennessee. (See Notice of Removal ¶ 5.) According to the affidavit of Mitch Lewellen, CEO of Shelby Group, LeVerne was named group sales manager for the company in January 2003 and assigned to its California location. (Aff. of Mitch Lewellen ("Lewellen Aff.") at ¶¶ 2-3.) During 2002 and 2003, the Defendant employed, at most, four employees in the state of California. (Lewellen Aff. at ¶ 4.) Lewellen avers that "[w]hile Mr. LeVerne may have occasionally worked from his home, he had an office at the Shelby Group's warehouse in Santa Fe Springs, California where he reported to receive product, oversee and evaluate distribution of product, and conduct other business." (Lewellen Aff. at ¶ 5.)

In a November 2002 confidential memorandum to distribution personnel, the Defendant advised that "Gil LeVerne has accepted a new Sales position. He will be moving to work out of our California office and have California sales responsibilities for Memphis Glove, Crews Safety, and some River City Sales." (Lewellen Aff., Ex. 2.) Distributors were informed in a letter issued two

months later that

> Shelby Group International and our group of companies, Crews, Inc., Memphis Glove, and River City Protective Wear, are excited to announce the opening of a West Coast sales office. We will be combining our current West Coast distribution with sales field representation. This will bring new opportunities and enhancements in how we service your account. Gil LeVerne, a seven-year veteran of Memphis Glove Sales and Purchasing, will have your account responsibility for Crews, Inc., Memphis Glove, and River City Protective Wear. Gil has relocated to California and has established a sales office at our Santa Fe Springs distribution center.

(Lewellen Aff., Ex. 2.) Based on this evidence, the Defendant argues, LeVerne is not an "eligible employee" for purposes of the FMLA.

In response, LeVerne offers his own affidavit, in which he asserts that he was trained in Memphis; received job assignments from the Memphis worksite; reported to his supervisors located there; and was required to seek authorization from Memphis "for expense reimbursement, travel planning and reimbursement, and in order to receive [his] commission bonus over salary," as well as travel to Memphis for business meetings. (Aff. of Gil LeVerne, Jr. ("LeVerne Aff.") at ¶¶ 1, 2, 6, 7.) The Memphis supervisors "were responsible for reviewing [his] weekly sales and establishing the yearly budget and sales targets." (LeVerne Aff. at ¶ 3.) He was "required to contact supervisors at Defendant's Memphis worksite by cell phone 3-4 times per week to give reports on changes and receive authorizations regarding Defendants [sic] business dealings in California that were as current as humanly possible." (LeVerne Aff. at ¶ 4.) He was not supervised by anyone in California. (LeVerne Aff. at ¶ 10.) Further, the Plaintiff contended that his "instructions on starting Defendant's California office flowed from Memphis, and any changes 'on the ground' in California had to be reviewed, discussed, and approved in Memphis prior to any action on [his] part" and that he had no supervisory authority over any of the other California employees, who he believed also reported to

5

supervisors located in Memphis. (LeVerne Aff. at ¶¶ 11-12.)

The implementing regulations with respect to determining whether an employer employs more than 50 workers within a radius of 75 miles provide that, "[g]enerally, a worksite can refer to either a single location or a group of contiguous locations. . . . An employee's worksite under FMLA will ordinarily be the site the employee reports to or, if none, from which the employee's work is assigned." 29 C.F.R. § 825.111(a). "For employees with no fixed worksite, e.g., construction workers, transportation workers, . . . salespersons, etc., the 'worksite' is the site to which they are assigned as their home base, from which their work is assigned, or to which they report." 29 C.F.R. § 825.111(a)(2). The regulations further state that "[a]n employee's personal residence is not a worksite in the case of employees such as salespersons who travel a sales territory and who generally leave to work and return from work to their personal residence . . . . Rather, their worksite is the office to which the report and assignments are made." 29 C.F.R. § 825.111(a)(2).

The assignment prong has been determined to focus on the "day-to-day instructions received by the sales representatives, notwithstanding centralized payroll and certain other centralized managerial or personnel functions." Cialini v. Nilfisk Advance Am., Inc., No. CIV. A. 99-3954, at *4 (E.D. Pa. Feb. 28, 2000) (citing Ciarlante v. Brown & Williamson Tobacco Corp., 143 F.3d 139, 147 (3d Cir. 1998)). Central to the reporting element is "the location of the personnel who were primarily responsible for reviewing sales reports and other information sent by the sales representatives, in order to record sales, assess employee performance, develop new sales strategies, and the like." Id. at *5 (citing Ciarlante, 143 F.3d at 148).

In Cialini, the court found that a foreign employer's North American facility in Pennsylvania was not the "worksite" of outside sales representatives based on the following facts. The salesmen

reported to one of three regional sales managers located in California and Rhode Island. These managers conducted initial interviews with applicants in the field and final interviews were conducted at the Pennsylvania facility. Cialini, 2000 WL 230215, at *1. Training was held in Pennsylvania, where personnel records were maintained and checks issued. Id. Representatives turned in weekly call and expense reports, the originals of which were sent to Pennsylvania for a random cross-sampling by the national sales manager. Id. at 2. Copies were forwarded to the regional managers, who reviewed them, tracked each salesman's progress with leads, set up ride-alongs on a quarterly or trimesterly basis, provided hands-on field training, set yearly budgets and sales targets, and evaluated field performance. Id. Regional managers also determined when and whether each representative attended trade shows. Id. It was the national sales manager's testimony that regional managers were ultimately responsible for creating assignments and receiving reports from sales representatives. Id. at *4. Therefore, the court concluded that the Pennsylvania location was not the salesmen's "worksite" for purposes of the FMLA. Id. at *6.

In Collinsworth v. Earthlink/Onemain, Inc., No. Civ.A. 03-2299GTV, 2003 WL 22916461 (D. Kan. Dec. 4, 2003), the plaintiff worked for Earthlink both from her home and in its Overland Park, Kansas office. Collinsworth, 2003 WL 22916461 at *3. In her affidavit in response to the employer's summary judgment motion, she maintained that her work assignments were communicated to her via electronic mail, telephone conference and facsimile from Earthlink's Pasadena, California location; work assignments over a period of time were forwarded to supervisors in Pasadena; she reported to supervisors in California and was required to travel there at intervals to meet with them. Id. at *4. Upon review, the court found the existence of a genuine issue of material fact as to whether the plaintiff was an "eligible employee" under the FMLA based on the

7

location of her "worksite." Id.

It is the opinion of the Court that, like the plaintiff in Collinsworth, LeVerne has brought forth sufficient evidence that, taken in the light most favorable to him, raises a genuine issue of material fact as to whether he is an "eligible employee" under the statute. Although his physical location was in California and he had a sales office there, the Plaintiff has offered evidence showing that his training, job assignments and authorizations came from Memphis. In addition, LeVerne regularly reported to his supervisors in Memphis, who reviewed his sales and established budgets and sales targets. Therefore, a reasonable factfinder could conclude that the Plaintiff's "worksite" for purposes of the FMLA was Memphis. See 29 C.F.R. § 825.111(a)(2); Collinsworth, 2003 WL 22916461 at *4. Accordingly, the Defendant's dispositive motion is hereby DENIED.

IT IS SO ORDERED this 10th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:04-CV-02884 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

John R. Hershberger
HERSHBERGER PRICE, PLLC
239 Adams Ave.
Memphis, TN 38103

W. Kerby Bowling
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Charles W. Cavagnaro
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT